## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

TYLER TREXLER,

        Plaintiff,

    v.

CITY OF BELVIDERE, et al,

        Defendants.

Case No. 3:20-cv-50113

Honorable Iain D. Johnston

---

### MEMORANDUM OPINION AND ORDER

The situation of the competing motions before the Court is odd. Initially, as is well known by civil rights counsel (and counsel on both sides of this case are experienced civil rights attorneys), the Court disfavors use of force "experts." The Court routinely bars these proffered opinion witnesses. *See Agnew v. Cater*, 18-cv-50035, 2022 U.S. Dist. LEXIS 31604, at *17 n. 12 (N.D. Ill. Feb. 23, 2022). Even the Magistrate Judges warn counsel not to waste their time and money on these types of "experts." But here we are. Moreover, the reasoning for this Court's repeated barring of use of force "experts" is borne out in the parties' own briefing in this case. Each side marshals the same arguments against the competing "expert," while simultaneously ignoring those arguments when confronted with the opponent's motion to bar.

This exercise is not a good use of anybody's time and resources. And it certainly does not further the goals of Rule 1. FED. R. CIV. P. 1.

1

If civil rights counsel—both plaintiff and defendant—have not yet comprehended the point, the Court will be clear. Use of force "experts" find no quarter at the Stanley J. Roszkowski United States Courthouse, particularly when they play judge and offer legal conclusions. Retired law enforcement officers and academics should pedal their wares elsewhere.

*    *    *

After being kicked, beaten, and bitten by a police canine, Plaintiff Tyler Trexler sued defendants City of Belvidere (City) and officer Brandon Parker alleging they violated his constitutional rights. Before the Court is Plaintiff's motion to bar the entire testimony of Defendants' opinion witness, Dr. Charles Mesloh. Dkt. 93. Similarly, Defendants also filed a motion to bar the entire testimony of Plaintiff's opinion witness, Ernest Burwell. Dkt. 96. Each side responded to the other party's motion. Dkt. 100, Dkt. 102. For the following reasons, Plaintiff's motion is granted, and Defendants' motion is granted in part and denied in part.

## I. BACKGROUND

On August 9, 2018, at 12:48 a.m., Plaintiff and a female companion were walking on the sidewalk of a street in Belvidere, Illinois. Defendant Parker was on patrol that morning and drove past Plaintiff. According to Parker, he believed Plaintiff and his companion were underage and out in violation of the local curfew. So, Defendant Parker made a U-turn, drove up on the sidewalk, and parked his vehicle in front of Plaintiff and his companion.[1] Defendant Parker exited his vehicle

---

[1] These facts are taken from the dash-camera video of Defendant Parker's patrol car, Dkt. 93-3.  No body camera footage is available because, apparently, Belvidere police officers were not equipped

with his canine, a German Sheppard named Monti, and approached Plaintiff. Within eight seconds of Defendant Parker exiting his vehicle, he kicked Plaintiff causing him to fall into the street, outside the frame of the vehicle's dash-camera, where Defendant Parker quickly followed. What happens next is captured only through the dash-camera's audio. Defendant Parker is heard screaming a command to Monti, ordering Plaintiff not to move, while Plaintiff is heard screaming "I'm down" and "I'm not moving." During this altercation, Plaintiff was bitten by Monti and handcuffed. Plaintiff later pled guilty to aggravated resisting or obstructing a peace officer.

As a result of the August 9, 2018, incident with Officer Parker, Plaintiff filed an action. The action contained two claims against Officer Parker under 42 U.S.C. § 1983 alleging that his Fourth Amendment rights were violated. In Count I, Plaintiff alleges that he was subjected to an unreasonable seizure, and in Count II he alleges that Officer Parker used excessive force during the encounter. In Count III, Plaintiff brings a *Monell* claim against the City of Belvidere, alleging that the City had policies, practices, and customs of failing to investigate and discipline officers for misconduct, failing to adequately train and supervise officers, filing false charges, and maintaining a "code of silence" about officer misconduct. In Count IV, Plaintiff

---

with body cameras. That's unfortunate. The Court has lamented the absence of body camera video in the past. *Agnew*, 2022 U.S. Dist. LEXIS 31604, at 2 n.1; *Pennie v. City of Rockford*, 19-cv-50120, 2022 U.S. Dist. LEXIS 19632, at *1–2 (N.D. Ill. Feb. 3, 2022). On the flip side, the Court has commented on the usefulness of body camera video to resolve disputes. For example, the City of Freeport's body cameras allowed this Court to resolve very contentious litigation short of trial. *Dukes v. Freeport Health Network Mem. Hosp.*, 19-cv-50189, 2022 U.S. Dist. LEXIS 61453, at 2 n.1 (N.D. Ill. Apr. 11, 2022). New Illinois legislation requires body cameras, so, hopefully, the absence of video will no longer be an issue.

asserts an indemnification claim under 745 ILCS 10/9-102 against the City of Belvidere, seeking to hold it liable for any judgments arising from Officer Parker's actions.

## II. LEGAL STANDARD

The admissibility of opinion witness testimony is governed by Federal Rule of Evidence 702 and the principles established in the Supreme Court's ruling in *Daubert v. Merrell Dow Pharma., Inc.,* 509 U.S. 579 (1993). For a court to consider an opinion, the district court must evaluate four factors: (1) if the witness is qualified to provide the opinion; (2) whether the testimony will assist the trier of fact; (3) whether the testimony is based on sufficient facts or data and reliable principles and methods; and (4) whether the opinion is based on a reliable application of the principles and methods to the facts of the case. *See Lees v. Carthage College,* 714 F.3d 516, 521–22 (7th Cir. 2013); *Daubert,* 509 U.S. at 589–96. Opinion testimony is not limited to scientific evidence. *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 141, 147–49 (1999). The testimony can be based on personal experience and knowledge, so long as it is reliable. *Id.* at 150. "[E]xtensive hands-on experience over a meaningful period of time which a person develops a working expertise in a certain area" may qualify a person to provide opinion testimony in that area. *See Jones v. Lincoln Elec., Co.,* 188 F.3d 709, 725 (7th Cir. 1999). The proponent bears the burden to establish the necessary evidentiary foundation for an opinion. *Gopalratnam v. Hewlett-Packard Co.,* 877 F.3d 771, 782 (7th Cir. 2017).

## III. ANALYSIS

Plaintiff's motion seeks to bar the opinions of Defendants' use-of-force expert Charles Mesloh. Dkt. 93. Plaintiff attacks Mesloh's opinions, claiming that they are inadmissible legal conclusions or credibility determinations, and that his opinions on the City's use-of-force policies are irrelevant. Defendants argue that Mesloh's opinions should not be barred because the opinions are offered as a rebuttal to Plaintiff's expert opinions, and they should also be given an opportunity to present the same opinions that they later argue are inadmissible when offered by Plaintiff. As a general matter, the tactics of finger pointing, copycat arguments, or presenting "they did it first" arguments have no place in court. Because Defendants' argument against barring Mesloh's opinions relies on a "they did it first" theory, the Court will take up Defendants' motion to bar Plaintiff's expert opinion testimony first.

Defendants' motion seeks to bar the opinions of Plaintiff's use-of-force expert, Ernest Burwell. Dkt. 96. Defendants attack Burwell's opinions on three fronts: (1) Burwell is not qualified to be an expert on use-of-force or canine deployment standards in Illinois; (2) all of Burwell's opinions are inadmissible legal conclusions or improper credibility determinations; and (3) Burwell's opinion on Officer Parker's compliance with industry standards for use of force and canine policies is irrelevant.

### A. Plaintiff's Use-of-Force Expert, Ernest Burwell

Defendants seek to bar the entirety of Burwell's opinions. They claim that he is not qualified to offer any opinions on Illinois police practices, he relies on credibility determinations he is not entitled to make, he makes inadmissible legal conclusions, and offers irrelevant opinions on Defendants' compliance with industry standards for use-of-force. The Court finds that most of Burwell's testimony inadmissible, but a sliver is admissible. Therefore, Defendants' motion is granted in part and denied in part.

### a. Burwell is Qualified to Offer Opinions on Police and Canine Practices.

Defendants argue that Burwell is not qualified to give opinion testimony for two reasons. First, he has no knowledge of the applicable law enforcement standards that apply in Illinois. Mot. to Bar Burwell, Dkt. 96 at 3. Second, Defendants argue that any specialized knowledge Burwell may have is "woefully out of date." *Id.*

For a court to consider an opinion, the witness must be qualified to provide that opinion. *Daubert*, 509 U.S. at 588; FED. R. EVID. 702. Defendants' argument that Burwell is not qualified to give an opinion on police practices, despite his thirty years of experience as a police officer, canine training officer, and canine handler, is perplexing and meritless. Just up Interstate 90, Judge Conley bluntly—and correctly—rejected this argument. *See Rivera v. Heck*, No. 16-CV-673-WMC, 2018 U.S. Dist. LEXIS 1555294, at *6 (W.D. Wis. Sep. 12, 2018) ("[T]he assertion that Ernest Burwell's some 30 years' experience as a Los Angeles Deputy Sheriff, SWAT team member and trainer does not qualify him as an expert in police practices is

laughable.") Defendants also argue that Burwell is not qualified because his knowledge on police practices is limited to the standards of California, not Illinois. Defendants point to *U.S. v. Brown* in support of their argument. But the holding of that case undermines their argument. In *Brown*, the 7th Circuit stated that the "excessive-force inquiry is governed by constitutional principles, not police-department regulations … which are not nationally uniform, nor are they static." 871 F.3d 532, 537–38 (7th Cir. 2017) (the task is to "determine how a reasonable officer would act in the circumstances, not how an officer in a particular local police department would act.") Therefore, it is inconsequential that Mr. Burwell's opinions are based, at least in part, on his thirty years of experience in California. (Consistent with the inconsistency of positions, Defendants' own opinion witness is not from Illinois, either.)

Further, *Daubert* and its progeny do not require a proffered expert witness to currently or previously work in the precise location of the dispute, the only requirement is that the witness have specialized knowledge of the subject matter. FED. R. EVID. 702; *Kumho Tire Co.,* 526 U.S. at 141; *Loeffel Stell Prods. v. Delta Brands*, 372 F. Supp. 2d 1104, 1113 (N.D. Ill. 2005) ("A lack of specialization generally does not affect the admissibility of the opinion, only its weight.") Burwell has a plethora of qualifications in police and canine practices; he has almost thirty years' experience as a Deputy Sherriff, received multiple specialized trainings on canine handling, conducted thousands of assignments with a canine, trained and evaluated canines, trained hundreds of officers across the nation on best practices

for police service canines, and received trainings on use-of-force policies. Taken together, these trainings and experiences qualify Burwell to present opinion testimony, *provided* the testimony is otherwise admissible (which it generally isn't.) *Kumho Tire Co.,* 526 U.S. at 142 ("[A] district court [has] the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination.")

Defendants also argue that even if Burwell has specialized knowledge, any knowledge is "woefully out of date." Mot. to Bar Burwell, Dkt. 96, at 3. It is true that Burwell is years removed from both working as a police officer and receiving his last formal training on police canine practices. But unlike the legal profession, there are no continuing education requirement for an expert opinion witness; instead, Defendants stale knowledge argument goes to the weight of Burwell's opinions, not its admissibility. *Estate of Robinson ex rel. Irwin v. City of Madison*, No. 15-CV-502-JDP, 2017 U.S. Dist. LEXIS 20733, at *29 (W.D. Wis. Feb. 13, 2017).

## b. Burwell's opinions on the reasonableness of Officer Parker's use-of-force are inadmissible.

Defendants argue that Burwell's opinion that Defendant Parker's actions were both unreasonable and an excessive use of force is improper and should not be admitted. Federal Rule of Evidence 704 allows opinion witnesses to testify as to the ultimate issue in an action. But Rule 704 still does not authorize opinions to be legal conclusions. *Good Shepherd Manor Found., Inc. v. City Momence*, 323 F.3d 557, 564 (7th Cir. 2003). Sometimes, there is a thin line between an "ultimate issue" and a legal conclusion. *Id; Burkhart v. Washington Metro. Area Transit Auth.*, 112

8

F.3d 1207, 1212 (D.C. Cir. 1997). But here, the line is clear. The following examples show that many of Burwell's opinions are unadorned legal opinions. "Parker's acts were wanton towards Trexler, and in disregard to Trexler's safety and his constitutional rights." Mot. to Bar Burwell, Dkt. 96-1 at 15. "Parker's kick to Trexler was also an inappropriate use of force." *Id.* at 16. "The canine attack on Trexler was completely unjustified. It was unreasonable and excessive force." *Id.* at 19. The Seventh Circuit has on many occasions reiterated that an expert may not offer legal opinions. *Jimenez v. City of Chi.*, 732 F.3d 710, 720 (7th Cir. 2013); *Thompson v. City of Chi.*, 472 F.3d 444, 458 (7th Cir. 2006) (barring witnesses who were proffered to testify that defendant "used excessive force"). Burwell's opinions about what was "proper", "unjustified", "unreasonable", or "excessive" regarding the arrest of Plaintiff, are all legal conclusions and must be barred. There is one expert in the courtroom for legal opinions—that's the judge. *Jimenez*, 472 F.3d at 720.

Defendants also argue that Burwell should be barred from referencing or applying the standards set forth in *Graham v. Connor* because any opinion or application of the standards are legal conclusions on a determinative issue. Defendants are correct, applications of law to fact are matters left to the judge and jury and are inadmissible opinions by an expert. *Shepard Manor Found., Inc.*, 323 F.3d at 564 (noting that "expert testimony as to legal conclusions that will determine the outcome of the case is inadmissible."); *Christiansen v. City of Tulsa*, 332 F.3d 1270, 1283 (10th Cir. 2003) (experts may not state legal conclusions drawn by applying the law to the facts); *Anderson v. City of Chi.*, 454 F. Supp.3d 808, 819

(N.D. Ill. 2009) (excluding expert testimony that "amounts to an instruction on the law and application of the law to the facts.")

Legal conclusions are also inadmissible because they are not helpful to the jury. *Thompson*, 472 F.3d at 458. Here, jurors can simply watch the dash-camera video, apply their own understanding of reasonableness and determine if it was reasonable for Defendant Parker to kick and allow Monti to bite Plaintiff, all within a mere eight seconds of Parker exiting his patrol car. *See Brown*¸ 871 F.3d at 537. An expert opinion on this would be both unhelpful and unnecessary.

### c. Burwell's opinions about Defendant Parker's use-of-force in other cases is admissible.

Plaintiff brings a *Monell* claim against the City alleging it had policies, practices, and customs of failing to investigate and discipline officers for misconduct, failing to adequately train and supervise officers, filing false charges, and maintaining a "code of silence" about officer misconduct. Plaintiff proffers Burwell's opinions on Parker's use of force in other instances in support of this *Monell* claim. Defendants argue that Burwell's opinions on Officer Parker's prior conduct are inadmissible because they are legal conclusions and must be barred under Federal Rule of Evidence 404(b) as prior bad acts.

There are three ways to hold the City liable under *Monell*. In this case, Plaintiff attempts to establish liability through a theory that there was "a wide-spread practice that although not authorized by written law and express policy, is so permanent and well-settled as to constitute a custom or usage with the force of law . . ." *Johnson v. Cook Cty.*, 526 Fed. Appx. 692, 695 (7th Cir. 2013). An

unconstitutional policy can include both implicit policies as well as a gap in express policies. *Dixon v. Cook Cty.*, 819 F.3d 343, 348 (7th Cir. 2016). But a plaintiff cannot solely rely on his own case or even "a handful of others," for a *Monell* claim. *Daniel v. Cook Cnty.*, 833 F.3d 728, 742 (7th Cir. 2016). To establish a pattern there must, of course, be other instances of similar behavior that a plaintiff alleges. *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

An analysis of previous instances of force by Officer Parker *may* assist the jury to determine if the City should be held liable under a *Monell* claim based on a theory that there was a de facto policy so well settled to constitute a custom or practice. FED. R. EVID. 702. A starting point to that analysis can be evaluating how Officer Parker previously used his canine against other citizens. *See Martinez v. Salazar*, Civ. No. 14-534, 2016 U.S. Dist. LEXIS 17317, at *24 (D.N.M. Dec. 14, 2016) ("Thus, while national and generally accepted police practices may be relevant to proving a claim resting on municipal or supervisory liability, these same standards are not relevant to whether an individual officer acted reasonably under certain circumstances."). Burwell's opinions on previous instances that Officer Parker deployed his canine are admissible to the extent that the opinions are limited to whether those instances deviated from sound professional standards. ("[E]ach of the following bite incidents fell far below the standards of care for using and deploying a police canine to bite a person ... officers had hands on the suspect when Parker commanded his dog to bite a suspect." Mot. to Bar Burwell, Dkt. 96-1 at 17); (Additional frames of videos from other incidents where Officer Parker is

using the police service canine to bite subjects where simple hands on control holds
would suffice. Mot. to Bar Burwell, Dkt. 96-1 at 32.) These opinions, however, are
not sufficient to state a *Monell* claim but may be helpful and relevant to the jury in
deciding if the claims Plaintiff brings against the City have merit. *Adams v.
Ameritech Servs., Inc.,* 231 F.3d 414, 425 (7th Cir. 2000) ("No one piece of evidence
has to prove every element of plaintiff's case; it need only make the existence of 'any
fact that is of consequence' more or less probable."); *Jimenez*, 732 F.3d at 721–22
(an expert may testify whether an officer's acts departed from sound professional
standards).

Although Rule 404(b) generally prohibits the use of prior bad acts to prove
character and that the person acted in accordance with that character on a
particular occasion, prior bad acts are admissible to establish a pattern for a *Monell*
claim. *See Gill*, 850 F.3d at 344; *Lepianka v. Vill. of Franklin Park*, No. 03-C-2991,
2004 U.S. Dist. LEXIS 5013 at *3–4 (N.D. Ill. Mar. 25, 2004) (admitting evidence of
defendant officer's disciplinary records as helpful to establish a *Monell* claim); Fed.
R. Evid. 404(b)(2); *see also Ramirez v. County of L.A.*, 231 F.R.D. 407, 412 (C.D. Cal.
2005). So, Burwell's testimony on Officer Parker's prior use of force behavior will be
limited to Plaintiff's *Monell* claim and may not be used as evidence towards any
other claims. *United States v. Gomez*, 763 F.3d 845, 860 (7th Cir. 2014)
("Appropriate jury instructions may help reduce the risk of unfair prejudice
inherent in other-act evidence."); *DeLeon-Reyes v. Guevara*, No. 18-CV-01028, 2020
U.S. Dist. LEXIS 47333 at *21–22 (N.D. Ill. Mar. 18, 2020) ("[N]on-propensity

12

evidence under Rule 404(b) is admitted in a limited fashion due to Rule 403 concerns."). And if this type of evidence were barred by Rule 404(b), one would wonder how a plaintiff could ever prove a *Monell* claim based upon a custom or practice.

**d. Burwell's interpretation of the dash-camera video is inadmissible.**

As noted above, under Rule 702 expert testimony is relevant only if it assists the jury in understanding the evidence or in determining a contested fact. FED. R. EVID. 702. Burwell's report and deposition testimony contain numerous opinions regarding his observations and interpretations of Officer Parker's dash-camera video of the incident with Plaintiff. Burwell also states that his interpretation of the video is based in part on his common sense. Mot. to Bar Burwell, Dkt. 96-2, at 108. Opinion testimony based on common sense is unhelpful to a jury and is inadmissible. *Beving v. Union Pac. R.R. Co.*, 447 F. Supp. 3d 786, 800 (S.D. Iowa 2019); *In re Mirena IUD Prods. Liab. Litig.*, 169 F. Supp. 3d 396, 484 (S.D.N.Y. 2016). Any expert testimony that interprets the video is both unhelpful and unnecessary because the jurors can simply watch the dash-camera video and interpret it for themselves. *See Brown¸* 871 F.3d at 537. "[E]xpert testimony does not help where the jury has no need for an opinion because the jury can easily reach reliable conclusions based on common sense, common experience, the jury's own perceptions, or simple logic." 29 Charles Alan Wright & Victor James Gold, *Federal Practice and Procedure* § 6265.2 (2d ed., April 2016 update). Therefore, any opinions

or testimony by Burwell regarding his interpretation of the dash-camera video are excluded.

### e. Burwell may rely on Plaintiff's version of events, but the jury will determine the facts.

Defendants argue that other portions of Burwell's testimony should be excluded because they plainly make factual findings that are central to Plaintiff's claim, and thus usurps the jury's function to weigh evidence and make credibility determinations.  There is nothing inappropriate about Burwell's reliance on an assumed set of facts provided by Plaintiff, so long as those facts are consistent with evidence that will be admitted. *See Williams v. Illinois*, 567 U.S. 50, 57 (2012) (noting that experts no longer must base an opinion on assumed facts to testify in the form of an answer to a hypothetical question) ("Under settled evidence law, an expert may express an opinion that is based on facts that the expert assumes, but does not know, to be true."); *Somerfield v. City of Chi.*, 254 F.R.D. 317, 320–21 (N.D. Ill. 2008). Plaintiff agrees that any of Burwell's opinions that opine on Officer Parker's credibility will not be offered as evidence for purposes of summary judgment or trial; and Plaintiff also stipulates that he will not offer any opinions for the purpose of making credibility determinations. Resp. in Opp. to Bar Burwell, Dkt. 102 at 22. Because Burwell appears to be basing his opinions on what he observed from the dash-camera video, and not which party's version of events he believed to be accurate, Defendants argument that these opinions should be barred as "fact determinations" fails. Mot. to Bar Burwell, Dkt. 96 at 16; *Garrit v. City of Chi.*, No. 16-CV-7319, 2022 U.S. Dist. LEXIS 6758, at * 9 (N.D. Ill. Jan. 13, 2022)

14

("[W]hen an expert's opinion is based on his own credibility determinations, rather than factual assumptions, it must be excluded.")

Nevertheless, as stated numerous times in this opinion, the jury can simply watch the dash-camera video themselves to determine the facts of the incident. So, these Burwell opinions will be excluded because they would not aid the jury.

**f. Some of Burwell's testimony on police policies is admissible.**

Next, Defendants seek to bar Burwell's opinions regarding the City's canine and use-of-force policies, and his opinion that Officer Parker did not comply with the policies. Defendants argue that the holding *Thompson* prohibits the introduction of evidence of violations of department general orders and national standards because such evidence is irrelevant, immaterial, more prejudicial than probative, and inadmissible under Federal Rule of Evidence 401 and 403. *Thompson*, 472 F.3d at 444. But, in *Thompson*, the court only kept out introduction of the actual text and provision numbers of the Chicago Police Department's General Orders. *Id.* at 456. However, the holding in *Thompson* is distinguishable from this case because Burwell makes opinions on potential breaches of department policies on canine use, and Plaintiff is not offering the actual text of the policies or general orders for admission.

Further, the Seventh Circuit has cautioned that *Thompson* "should not be understood as establishing a rule that evidence of a police practice or procedure will *never* be relevant" to an excessive force claim against a law enforcement officer. *See Brown*, 871 F.3d at 537. "Even though jurors can understand the concept of

15

reasonableness, in some cases they may not fully grasp particular techniques or equipment used by police officers in the field. In those instances, an expert's specialized knowledge can 'help the trier of fact to understand the evidence or to determine a fact in issue.'" *Id.* Although some jurors may own pet dogs, they almost certainly do not own trained police canines, so having expert testimony on the practices and circumstances when a reasonable police officer would deem it necessary to use a police canine in gaining control over a suspect might assist the jury. *Florek v. Vill. of Mundelein*, 649 F.3d 594, 602 (7th Cir. 2011) (noting expert testimony may help a jury determine whether it was reasonable police conduct to use specialized tools, such as a canine, to bring a suspect to heel).

Plaintiff concedes that Burwell cannot opine that Officer Parker violated the City's policies in this case and others. Resp. in Opp. to Bar Burwell, Dkt. 102 at 24. However, the Court finds that Burwell's testimony on police canine policies might be helpful to the jury in understanding when it is appropriate to use a canine.

### g. Burwell's opinion on Officer Parker's state of mind is inadmissible.

Defendants also move to exclude any opinion testimony regarding Officer Parker's and Monti's states of mind. Expert witnesses cannot opine on a person's state of mind. *See In re C.R. Bard, Inc.*, 948 F. Supp. 2d 589, 611 (S.D. W.Va. 2013); *Quagliarello v. Dewees*, 802 F. Supp. 2d 620, 626 (E.D. Pa. 2011). And if these witnesses cannot opine on a human's state of mind, they certainly cannot opine on a canine's state of mind. In support of these opinions by Burwell, Plaintiff fails to cite any authority and merely argues that "[t]his is exactly the type of expert opinion

16

Mr. Burwell is qualified to offer." The Court is not persuaded by Plaintiff's passing argument. And because Plaintiff, as the proponent of the expert, bears the burden of demonstrating that the expert's testimony is admissible under the *Daubert* standard, and the rules of evidence, and has failed to do so, Burwell's state of mind opinions are excluded. *Gopalratnam*, 877 F.3d at 782.

### h. Burwell may not testify about topics that require medical expertise.

Burwell's report includes descriptions of medical hazards and medical impacts of dog bites. Defendants move to bar Burwell from testifying on medical impacts associated with dog bites, claiming that he is unqualified to offer any medical opinions. Although Burwell does have extensive experience with police canines, this experience does not qualify him to render testimony on the medical impacts associated with dog bites. *See Kumho Tire Co.,* 526 U.S. at 141. Even a well-qualified expert cannot simply parrot the opinions of experts in different fields. *Dura Auto. Sys. of Indiana, Inc. v. CTS Corp.*, 285 F.3d 609, 614 (7th Cir. 2002); *Agnew*, 18-cv-50035, 2022 U.S. Dist. LEXIS 31604, at *21 ("The Seventh Circuit is hardly alone in not allowing the testifying expert to parrot the opinions of other experts upon whom they relied without sufficient evidence of the reliability of the underlying opinion.") Courts routinely bar law enforcement practices opinion witnesses from giving medical opinions. *See, e.g., Millward v. Bd. Of Cyt. Comm'rs of Teton*, Case No. 17-CV-0117, 2018 U.S. Dist. LEXIS 231407, at *16 (D. Wy. Oct. 19, 2018); *Hernandez v. City of Albuquerque*, 2003 U.S. Dist. LEXIS 26585, at *9–10

(D. N.M. Dec. 24, 2013). So, Burwell's opinions related to medical impacts of dog bites are excluded.

## B. Defendants' use-of-force expert, Charles Mesloh

Plaintiff seeks to bar Defendants' use-of-force expert, Charles Mesloh, from testifying. Plaintiff claims that Mesloh's testimony should be barred in its entirety because he relies on credibility determinations he is not entitled to make and makes inadmissible and incorrect legal conclusions. (Sound familiar?) In defense of Mesloh's expert opinions, Defendants argue that the motion "must be denied" because his testimony "directly refutes and contradicts the opinions" of Plaintiff's expert, Ernest Burwell. Mot. Opp. to Bar Mesloh, Dkt. 100 at 2. This argument is improper. Defendants are not entitled to present contradictory opinion testimony merely because it would be beneficial to their position, Mesloh's opinions must independently satisfy the *Daubert* standards. The Court is also puzzled how Defendants can in good faith proffer an expert witness that seeks to present expert opinions in the same manner and topics that Defendants argued was improper in their 29 page motion against Plaintiff's expert. *See* Mot. to Bar Burwell, Dkt. 96. The argument essentially boils down to Defendants saying, "We know these opinions are inadmissible, but the opinions should be admissible because Plaintiffs did it first." Two wrongs do not make a right. Mesloh's testimony fails the *Daubert* standards and presents inadmissible legal conclusions and irrelevant opinions. Therefore, Plaintiff's motion to bar Mesloh's testimony is granted.

### a. Mesloh cannot testify on the Reasonableness of Officer Parker's Seizure.

Plaintiff argues that Mesloh should be barred from testifying on the reasonableness of Officer Parker's seizure because it is not helpful to the jury and is an inadmissible legal conclusion. Defendants argue that these opinions are relevant and admissible by pointing the finger at Burwell's testimony, again arguing that Burwell's testimony is inadmissible. This argument does nothing to bolster Defendants' position and is nevertheless irrelevant because Mesloh plainly makes inadmissible legal conclusions and credibility determinations.  For example, he opines, "Officer Parker's belief that they were in violation of the curfew statute would make the stop acceptable . . ." Mot. to Bar Mesloh, Dkt. 93-1 at 7. Mesloh's opinions do not help the jury establish a baseline, and instead invades the jury's role and determines whether Officer Parker deviated from reasonable police practices. *See Jimenez*, 472 F.3d at 721. Therefore, Mesloh's opinion on the reasonableness of the seizure is barred.

### b. Mesloh cannot testify on the reasonableness of Officer Parker's use-of-force.

Defendants admit that Mesloh's opinions were "designed to mirror and directly refute those offered by Plaintiff."  Mirroring the reasons stated in granting Defendants' motion to exclude Burwell's testimony on the reasonableness of Officer Parker's use-of-force, Plaintiff's motion to bar Mesloh's opinions is also granted. *See supra,* Section A (b). The Court is compelled to point out that it is both a waste of

the Court's resources and the client's resources to retain experts that seek to opine
on issues that the proffering party previously argued were inadmissible.

Plaintiff also seeks to bar Mesloh from testifying as to the standards identified
in *Graham v. Connor* because these are legal conclusions and are outcome
determinative. Defendants respond by arguing that Plaintiff "completely ignores
that his own expert's report [sic] references this case and purports to apply this
standard . . ." and "if Burwell's references to *Graham* and the standards identified
in that case are not barred, Dr. Mesloh's testimony is properly admissible as
rebuttal testimony." Mot. Opp. to Bar Mesloh, Dkt. 100 at 10–11. Applying
Defendants' own logic, and for the reasons stated above, Mesloh's application of the
*Graham* standards is inadmissible and excluded. *See supra*, Section A (b); *and see
Shepard*, 323 F.3d at 564.

### c. Mesloh cannot testify on the City of Belvidere's use-of-force policies.

Plaintiff also argues Mesloh's opinions on the City's written use-of-force policies
are irrelevant because Plaintiff's claim against the City is not based on the
adequacy of the official written policies. Instead, Plaintiff's *Monell* claim against the
City is premised on the contention that there is an unwritten de-facto policy of
allowing excessive force with canines. One of the threshold hurdles for the
admissibility of an expert opinion is that it assists the jury. *Daubert*, 509 U.S. at
589–96; Fed. R. Evid. 702. Because evidence on written policies that are not at issue
in Plaintiff's claim are not be helpful to the jury, Mesloh's opinions on the City's
official policies are excluded.

**IV. CONCLUSION**

For these reasons, Defendants' motion to bar Burwell's testimony is granted in part and denied in part. Plaintiff's motion to bar Mesloh's testimony is granted in its entirety.

Date: January 25, 2023

_____
Honorable Iain D. Johnston
United States District Judge