IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| TYLER TREXLER,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF BELVIDERE, et al,<br><br>    Defendants. | Case No. 3:20-cv-50113<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

    As the Court made clear in its previous order, the Court disfavors use of force "experts" and warned counsel not to waste their time and money attempting to admit the opinions of these types of "experts." But here we are, again. This time the Defendants ask the Court to clarify its order barring the entire testimony of Charles Mesloh, or, if the Court's previous ruling stands, reconsider admitting one sentence of his testimony. Specifically, the Defendants argue that the Court did not directly address the admissibility of Dr. Mesloh's statement regarding Officer Parker's previous use of a K9 when Dr. Mesloh stated that he was "unable to identify any of violations of Belvidere Police SOP or widely accepted police practices and procedures with regard to the use of a police dog." Dkt. 93-1, at 14.

    District courts have wide discretion to entertain motions to reconsider prior decisions. *Patrick v. City of Chi.*, 103 F. Supp. 3d 907, 911 (N.D. Ill. 2015); FED. R. CIV. P. 54(b). Motions to reconsider are "disfavored. *Id.* The moving party has heavy

1

burden because a motion to reconsider serves a limited purpose: to correct manifest errors of law or fact or to present newly discovered evidence. *Caisse Nationale de Credit Agricole v. CBI Indus. Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996); FED. R. CIV. P. 59(e).

By Defendants request, the Court will clarify its motion to bar the testimony of Dr. Mesloh. The court did not specifically address the admissibility of the one sentence in Dr. Mesloh's report regarding other instances when Officer Parker deployed his K9, for a simple reason—Dr. Mesloh did not provide an opinion on that topic. In Dr. Mesloh's own words "[B]ased upon the information that I was provided, I am *unable* to identify violations…" Dkt. 93-1, at 14 (emphasis added). But the Defendants attempt to frame this statement as if Dr. Mesloh—who holds a doctorate—stated that he "did not identify any violations" of standard practice or that there was an "absence of any violation" by Officer Parker when he used a K9 previously. But Defendants' interpretation of Dr. Mesloh's "opinion" is patently unreasonable. The word "unable" does not have the meaning the Defendants are attempting to give it. Dr. Mesloh did not state that in his opinion there were no violations; instead, the only reasonable reading of the "unable" is that based on the information Dr. Mesloh was provided with, he was unable to form an opinion on the issue. In a motion to reconsider, counsel cannot now re-write Dr. Mesloh's opinion to state, "Based on the information I was provided, I found no violations." Dr. Mesloh has not provided an affidavit or declaration swearing that this is what he meant. And no deposition testimony has been provided to the Court establishing that

2

counsel's unusual interpretation is correct, rather than the plain, ordinary interpretation. The Court will assume that an "expert" who holds a doctorate degree and is paid $250 per hour to prepare a report is able to articulate his opinions in writing. The Defendants also had ample opportunities to clarify their own "expert" report to resolve any ambiguities.

The Court hopes this clarification will allow the parties to redirect their time and money to more fruitful endeavors, and declines to reconsider its previous order barring Dr. Mesloh's testimony.

Date: May 25, 2023

_____
Honorable Iain D. Johnston
United States District Judge